UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Arista Records LLC, et al.,<br>  *Plaintiffs*,<br><br>  *v.*<br><br>Does 1–4,<br>  *Defendants*. | Civil No. 3:08cv1280 (JBA) |
| Interscope Records, et al.,<br>  *Plaintiffs*,<br><br>  *v.*<br><br>Does 1–6,<br>  *Defendants*. | Civil No. 3:08cv1284 (JBA)<br><br>December 9, 2008 |

**OPINION AND ORDER ON PLAINTIFFS' APPLICATIONS FOR
LEAVE TO TAKE IMMEDIATE DISCOVERY**

In these two closely related actions, Nos. 08-1280 and 08-1284, Plaintiffs seek leave of this Court to serve immediate discovery requests on, respectively, Yale University and the University of Connecticut, for the purpose of identifying several Doe Defendants alleged to have infringed Plaintiffs' copyrights. Specifically, Plaintiffs request permission to serve a Rule 45 subpoena on each University in its capacity as Defendants' Internet Service Provider ("ISP") in order to "identify each Defendant's true name, current (and permanent) addresses and telephone numbers, e-mail addresses, and Media Access Control ('MAC') addresses."

The applications for leave to take immediate discovery in these two cases raise identical issues, and for the sake of efficiency the Court will rule on them simultaneously in this single order. For the reasons that follow, the Court concludes that Plaintiffs are entitled to the limited discovery they seek, subject to the parameters set out below. The Court also

finds, however, that the Doe Defendants have not been properly joined pursuant to Federal Rule of Civil Procedure 20(a)(2), and accordingly the Court severs all Defendants but the first in each case.

I.      **Plaintiffs' Entitlement to Expedited Discovery**

Plaintiffs allege that the Doe Defendants, identified only by their Internet Protocol ("IP") addresses, have violated Plaintiffs' exclusive rights under copyright law by "download[ing] and/or distribut[ing] to the public" popular songs using various peer-to-peer file-sharing networks. Plaintiffs contend that they have "good cause" for seeking expedited discovery because (1) they have alleged copyright infringement, (2) there is the risk that relevant electronic evidence may otherwise be lost, (3) the discovery requests are narrowly tailored to advance the litigation without prejudicing the Defendants, (4) the cases cannot proceed without uncovering the actual identities of the Defendants, and (5) the Universities are authorized to respond to the proposed subpoenas pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g(b)(2)(B). *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying the "good cause" standard to a request for expedited discovery and holding that "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party").

Consistent with the actions of other courts faced with similar facts and the same procedural posture, the Court agrees that the Plaintiffs are entitled to discovery of limited, personally identifying information associated with the IP addresses they have linked to each Defendant. In *London-Sire v. Doe*, for example, Judge Gertner permitted expedited discovery limited to the "name, address, telephone number, e-mail address, and Media

Access Control addresses for each defendant," but emphasized that "no further information about the Doe defendants shall be revealed." 542 F. Supp. 2d 153, 178 (D. Mass. 2008) (quotation marks omitted). Similarly, as another court explained:

> Although FERPA generally prohibits disclosure of certain records by federally-funded educational institutions, the act expressly authorizes disclosure of a student's "directory information" pursuant to a lawfully-issued subpoena or court order. *See* 20 U.S.C. § 1232g(b)(2). Directory information consists of a student's name, address, telephone listing, email address, and other identifying information." *See Id.* § 1232g(a)(5)(A).

*Arista Records LLC v. Does 1–19*, 551 F. Supp. 2d 1, 5 (D.D.C. 2008). A student's MAC address is not part of his or her educational records, and so its disclosure is not restricted by FERPA. *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *26–*27 & n.14 (W.D. Pa. Apr. 3, 2008), *aff'd* No. 07-1515, slip op. at 2 (W.D. Pa. Nov. 28, 2008). Thus, as Judge Armstrong of the Northern District of California recognized in collecting many cases on the issue, "[c]ourts routinely find the balance favors granting a plaintiff leave to take early discovery" of the materials sought by the Plaintiffs here. *UMG Recordings, Inc. v. Doe*, No. 08-1193, 2008 WL 4104214, at *4 & n.3 (N.D. Cal. Sept. 3, 2008).

Because learning the true identities of the pseudonymous individuals alleged to have violated Plaintiffs' copyrights is essential to their prosecution of this litigation, Plaintiffs have demonstrated their need for expedited discovery. Moreover, by restricting discovery to only the Defendants' directory information and their MAC addresses, there will be little if any prejudice to the Defendants. The Plaintiffs will not, however, be entitled to discovery of any other electronic information or materials associated with the Defendants—including but not limited to electronically stored documents, e-mail messages, and activity logs.

Therefore, Plaintiffs' applications for leave to take expedited discovery are granted.

The Court's Order follows in Part III below.

**II.    Joinder under Rule 20(a)(2)**

Separate from the question of whether Plaintiffs are entitled to the discovery they seek is the matter of their joinder of multiple Doe Defendants in these two actions. In both complaints, Plaintiffs justified joining the various Defendants based on the same allegations:

> The true names and capacities of Defendants are unknown to Plaintiffs at this time. Each Defendant is known to Plaintiffs only by the Internet Protocol ("IP") address assigned to that Defendant by his or her ISP on the date and time of that Defendant's infringing activity. *See* [attached list of IP addresses]. Plaintiffs believe that information obtained in discovery will lead to the identification of Each Defendant's true name.
>
> Although Plaintiffs do not know the true names of Defendants, each Defendant is alleged to have committed violations of the same law (*e.g.*, copyright law), by committing the same acts (*e.g.*, the downloading and distribution of copyrighted sound recordings owned by Plaintiffs), and by using the same means (*e.g.*, a file-sharing network) that each Defendant accessed via the same ISP. Accordingly, Plaintiffs' right to relief arises out of the same series of transactions or occurrences, and there are questions of law or fact common to all Defendants such that joinder is warranted and appropriate here.

(No. 08-1280 Compl. ¶¶ 16–17; No. 08-1284 Compl. ¶¶ 15–16.)

Permissive joinder of defendants is governed by Federal Rule of Civil Procedure 20(a)(2), which allows persons to be joined if

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

The "same transaction" requirement means that there must be some allegation that the joined defendants "conspired or acted jointly." *Tele-Media Co. v. Antidormi*, 179 F.R.D. 75,

4

76 (D. Conn. 1998). In *Nassau County Association of Insurance Agents, Inc. v. Aetna Life & Casualty Co.*, for example, the Second Circuit held that 164 insurance companies were misjoined in an antitrust class action because there was no allegation of concerted conduct:

> No allegation of conspiracy or other concert of action has been asserted. No connection at all between the practices engaged in by each of the 164 defendants has been alleged. Their actions as charged were separate and unrelated, with terminations occurring at different times for different reasons with regard to different agents.

497 F.2d 1151, 1154 (2d Cir. 1974).

Other courts have questioned the propriety of joinder in other file-sharing cases brought by the recording industry against pseudonymous defendants. A representative case is *Arista Records, LLC v. Does 1–11*, No. 07-2828, 2008 WL 4823160 (N.D. Ohio Nov. 3, 2008), in which the court first concluded that it was appropriate to consider whether the defendants were properly joined even before being identified during discovery. Citing Federal Rule of Civil Procedure 21, Judge O'Malley noted that a court—"on motion or on its own"—may raise the issue of misjoinder and order parties severed as necessary. *Id.* at *5. The court also emphasized certain practical considerations:

> [B]y deferring a ruling on joinder in this case and if, as will be discussed below, the Doe Defendants are misjoined, Plaintiffs would be able to avoid paying $350 filing fees under 28 U.S.C. § 1914(a) for separate actions against each of the improperly joined Defendants. Although the government would not lose a substantial amount of filing fees from this case alone, other courts and commentators have noted that a consequence of postponing a decision on joinder in lawsuits similar to this action results in lost revenue of perhaps millions of dollars and only encourages Plaintiffs and other members of the RIAA to join (or misjoin) as many doe defendants as possible.

*Id.* Proceeding to the substance of Rule 20, Judge O'Malley affirmed the magistrate judge's finding that the defendants were improperly joined:

> Plaintiffs have failed to show that the copyright infringement claims against the Doe Defendants arose out of the same transaction, occurrence, or series of transactions or occurrences. . . . [M[erely alleging that the Doe Defendants all used the same ISP and file-sharing network to conduct copyright infringement without asserting that they acted in concert was not enough to satisfy the same series of transactions requirement under the Federal Rules. The Magistrate Judge wrote, "The mere common use by otherwise separate and unrelated defendants of the same program in inflicting the same type of harm on a single plaintiff is inadequate to support a finding that the defendants' actions were 'concerted.'" Further, as the Magistrate Judge noted, because Plaintiffs did not allege that the Doe Defendants caused the *same harm* (rather than the *same type of harm*), joinder is improper. . . .
>
> [T]he Court also notes that, contrary to Plaintiffs' contention, it appears that the majority of district courts who have addressed the issue of joinder and were faced with the same allegations to connect doe defendants in other music downloading lawsuits have concluded that those allegations were insufficient to satisfy the transactional requirement of Fed. R. Civ. P. 20(a)(2) and that joinder was therefore improper.

*Id.* at *6 (collecting cases).

For the same reasons, the Court concludes that the Defendants in these two cases—Does 1–4 in No. 08-1280; Does 1–6 in No. 08-1284—are not properly joined under Rule 20. Plaintiffs have not alleged that the Does conspired or acted jointly. Rather, the complaints allege only that the Defendants committed copyright infringement using the same means from the same ISP (respectively, Yale and the University of Connecticut). With no contention that the Defendants' liability arises from the same transaction or series of transactions, such Defendants cannot be joined in a single action.[1]

---

[1] Although this Court will decline to reach the issue, it bears noting that the recording labels have been warned on at least one prior occasion about misjoining defendants based on similar allegations. *See Arista Records, LLC v. Does 1–27*, No. 07-162, 2008 WL 222283, at *6 n.5 (D. Me. Jan. 25, 2008) ("In my view, the Court would be well within its power to direct the Plaintiffs to show cause why they have not violated Rule 11(b) with their allegations respecting joinder.").

6

### III. Conclusion

Accordingly, the Court grants Plaintiffs' applications for leave to take immediate discovery [No. 08-1280 Doc. # 2; No. 08-1284 Doc. # 2]. Specifically, the Court orders the following:

(1) Plaintiffs may immediately serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Yale University (in No. 08-1280) and the University of Connecticut (in No. 08-1284) (the "Universities") to obtain the name, address, telephone number, e-mail address, and Media Access Control address for each Doe Defendant. Each subpoena shall be accompanied by a copy of this Opinion and Order.

(2) Within seven days of service of each subpoena, the Universities shall reasonably attempt to identify each Defendant and provide him or her with a copy of the subpoena and this Opinion and Order. If either University is unable to determine, to a reasonable degree of technical certainty, the identity of the user of a particular IP address, it shall so notify the appropriate Plaintiffs.

(3) The Universities shall have twenty-one days from service of the subpoena to move to quash or otherwise object to the subpoena. Each Defendant shall have fourteen days from receipt of the subpoena from the respective University to move to quash or otherwise object to the subpoena.

(4) Absent any motion to quash or objection, the Universities shall produce the information sought to the requesting Plaintiffs within twenty-one days after notifying each Defendant pursuant to paragraph (2) above.

In addition, the Court directs all but the first-named Defendant in each of these two cases to be severed. To implement this severance, the Clerk's office is directed to

    (a)    assign new case numbers for Does 2, 3, and 4 in No. 08-1280 and for Does 2, 3, 4, 5, and 6 in No. 08-1284;

    (b)    mark these new cases as related to Nos. 08-1280 and 08-1284, respectively;

    (c)    randomly assign the new cases to a judge according to the District's usual procedures; and

    (d)    copy and transfer all filings from the original action to each new case.

If the Plaintiffs wish to pursue these severed cases, they must pay the requisite filing fees. Plaintiffs' Rule 45 subpoenas shall remain valid in these newly opened cases to the same extent as in the original two actions. The undersigned District Judge will accept transfer of these newly opened cases either on motion or *sua sponte*.

                        IT IS SO ORDERED.

                        /s/
                        Janet Bond Arterton, U.S.D.J.

        Dated at New Haven, Connecticut this 9th day of December, 2008.